UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BALL,<br><br>                Plaintiff,<br>   v.<br><br>BREMERTON MUNICIPAL COURT,<br><br>                Defendants. | Case No. C20-5087 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's filling of an application to proceed *in forma pauperis* and proposed civil rights complaint. (Dkt. 1). In light of the deficiencies in the complaint discussed herein, the Court will not direct service of the complaint at this time. Plaintiff will be provided the opportunity by the date below to show cause why the complaint should not be dismissed or file an amended complaint.

## Background

Plaintiff's proposed complaint names the Bremerton Municipal Court as the only defendant in this action. Dkt. 1-2 at 2. Plaintiff alleges that his "rights and protections under the Americans with Disability Act are being violated on basis of an unlawful 'Therapeutic Model.'" Dkt. 1-2 at 5. The proposed complaint further states that "the court has disregarded the facts of [plaintiff's] disability being a developmental disability." Dkt. 1-2 at 6. Finally, plaintiff states that the defendant has "violated state law for service of a

ORDER TO SHOW CAUSE - 1

summons, issued unlawful warrants, and created an environment where [plaintiff] would not be able to succeed in their programs." Dkt. 1-2 at 6.

## Discussion

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See, 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient

ORDER TO SHOW CAUSE - 2

standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

A. <u>42 U.S.C. § 1983</u>

Here, plaintiff's proposed complaint fails to allege sufficient facts to state a cause of action under 42 U.S.C. § 1983.

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Further, there are three scenarios under which a municipality such as a County may be liable under Section 1983 (see Ninth Circuit Pattern Jury Instructions No. 9.5, 9.6, 9.7, 9.8) – first, if implementation of official policies, practices, or established

custom (either formal or expressly adopted official policy – or a longstanding practice or custom that is "standard operating procedure") causes a constitutional injury; second, if there are acts or omissions such as failure to train employees and this policy, practice, custom, act or omission was done with deliberate indifference to the constitutional rights of persons who may be affected and causes a constitutional injury; or third, if the individual whose acts or omissions amount to a constitutional violation was an official who had final authority to make policy -- or if such official ratified a subordinate's unconstitutional decision and the basis for it, and this causes constitutional injury. *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011); *Castro v. County of Los Angeles,* 833 F.3d 1060, 1074 (9th Cir. 2016); *Bini v. City of Vancouver,* 218 F. Supp.3d 1196, 1201-1204 (W.D. Wash. 2016). At the pleading stage, the plaintiff must allege facts that would plausibly suggest entitlement to relief under Section 1983. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

     Here, plaintiff's complaint fails to allege sufficient facts to state a Section 1983 violation. First, the complaint names only one defendant, the Bremerton Municipal Court. Dkt. 1-2 at 2. However, plaintiff does not allege facts showing that a policy, custom or practice, or any act or omission of any defendant purportedly violated plaintiff's rights.

     Next, plaintiff's complaint does not allege any facts showing how his rights have been violated. Plaintiff's complaint only alleges that his rights have been violated by an allegedly unlawful "Therapeutic Model," because the defendant disregarded the fact of plaintiff's "disability being a developmental disability" and because the defendant allegedly violated state procedural rules. Dkt. 1-2 at 5-6. These vague and conclusory

1  allegations of wrongdoing, without supporting factual allegations are insufficient to state
2  a claim under Section 1983. Here, plaintiff's complaint fails to state a claim because
3  plaintiff does not describe any acts or omissions, or causation – i.e., how any state
4  official's actions (or failure to act) deprived plaintiff of a right, privilege, or immunity
5  secured by the Constitution or laws of the United States. Plaintiff also fails to identify
6  any person who acted under color of state law to violate plaintiff's federally protected
7  rights.

8      For these, reasons, plaintiff's complaint fails to allege sufficient facts to state a
9  cause of action under Section 1983.

10     B.  Rooker-Feldman

11     Next, it is not clear from the complaint whether the Court has the jurisdiction to
12 hear this action.

13     "Rooker-Feldman is a powerful doctrine that prevents federal courts from second
14 guessing state court decisions by barring the lower federal courts from hearing de facto
15 appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
16 2003). The Rooker-Feldman doctrine prohibits a district court from reviewing the
17 decision of a state court when: 1) a federal plaintiff asserts as their legal injury, a legal
18 error by the state court and 2) seeks as their remedy, relief from the state court
19 judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

20     Plaintiff's complaint alleges that the Bremerton Municipal Court harmed plaintiff
21 by violating "state law for service of summons," issuing "unlawful warrants" and creating
22 "an environment where [plaintiff] would not be able to succeed in their program." Dkt. 1-
23 2 at 6. Plaintiff also contends that the Bremerton Municipal Court violated his rights by

24

25

1  disregarding facts related to his developmental disability. Dkt. 1-2 at 6. It appears from
2  these allegations that plaintiff seeks to have this Court review decisions made by a state
3  court during state court proceedings. Additionally, plaintiff's complaint states that he is
4  seeking restitution for the "financial and emotional damages" that defendant has
5  caused. Dkt. 1-2 at 7. Accordingly, to the extent that the complaint seeks relief from
6  decisions made by the state court, the Court would not have jurisdiction under the
7  Rooker-Feldman doctrine.

       C. Judicial Immunity

Finally, plaintiff's claims may be barred by judicial immunity. "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citation omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice"; and it is an immunity from suit, not simply from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

Plaintiff's complaint does not name any judge as a defendant in this action, however, he alleges that the Bremerton Municipal Court violated his rights by making certain factual and procedural determinations. Dkt. 1-2 at 5-7. To the extent that plaintiff seeks to recover damages against a judge for judicial acts taken within the jurisdiction of their court, the judge would be immune from plaintiff's suit.

Motion for Appointed Counsel

As noted, there are several deficiencies in plaintiff's proposed Section 1983 complaint and plaintiff will have the opportunity to attempt to cure these deficiencies. However, at this point the Court is not able to determine whether plaintiff's complaint

can be cured by amendment or whether the Court has jurisdiction over the plaintiff's complaint. At this stage of the proceedings it is premature for the Court to consider plaintiff's motion for counsel (Dkt. 1-3). Accordingly, the Clerk is directed to strike plaintiff's motion for counsel (Dkt. 1-3) without prejudice as premature. If plaintiff believes he can cure the defects in his complaint and files an amended complaint or response to this order, he may also refile the motion for counsel as appropriate.

## Conclusion

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **May 22, 2020**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

1   The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. §
2   1983 civil rights complaint and for service, a copy of this Order and the *Pro Se*
3   information sheet.

   Dated this 23rd day of April, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge